[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner Lawrence Hubbard brings this petition for a Writ of Habeas Corpus by an Amended Petition dated December 1, 1995, alleging that his trial counsel provided representation of a quality below the standard reasonably expected of members of the criminal trial bar in one or more of the following respects:
 (a) In that Trial Counsel failed to effectively examine his own alibi witness, the Petitioner's father, who was also his employer, concerning the hours the petitioner had worked on the day of the alleged crime, or concerning the known after work activities of petitioner on that day.
 (b) Trial Counsel failed to enter into evidence the business records in the possession of the alibi witness on the day he testified and which reflected the work product of the petitioner and hence the demands made on the Petitioner's time on the date of the alleged crime.
 (c) Trial Counsel, in furtherance of his Motion for Discovery, failed to call as witnesses certain police officers who could have testified as to the similarity of the charged crimes to two other sexual assaults which had occurred in the same area and which had warranted the belief that a single individual had committed all three crimes. Instead, trial counsel chose to rely on a newspaper article stating that the police believed the same perpetrator was involved. CT Page 1353-Z That hearsay article was insufficient to prove the known links of the subject crimes to crimes committed by a third party, so as to cause the court to review in camera the police records of the other two crimes, where one of the crimes had been charged to a third party who was brought to trial resulting in an acquittal.
 (d) Trial Counsel failed to bring to the attention of the court a post trial conversation with a juror who advised Trial Counsel both that the juror believed the Petitioner to be not guilty, and that two other jurors had made up their minds Petitioner was guilty prior to the beginning of deliberations.
 (e) Trial Counsel did not call as a witness an emergency room nurse who in the course of taking a history of the trauma from the victim elicited statements to the effect that the victim had not seen the perpetrator. Instead Trial Counsel chose to rely on the admission into evidence of her written hospital chart entry.
 (f) Trial counsel did not preserve for appellate review the issue of the trial court's failure to allow testimony concerning the Petitioner's working hours, thereby precluding it from appellate review.
 (g) Trial Counsel failed to lay a sufficient foundation to enter into evidence photographs of the crime scene taken at night, or to examine his investigator witness concerning the lighting conditions at the crime scene.
 The imprisonment of Petitioner is illegal in that he was denied the effective assistance of counsel at his trial.
The petitioner was originally charged with five offenses, namely:
(A) Sexual Assault in the First Degree;
(B) Assault of a Victim Sixty or Older, Second Degree;
 (C) Criminal Attempt to Commit Assault on a Victim Sixty or Older in the Second Degree;
(D) Unlawful Restraint, First Degree;
(E) Reckless Endangerment, First Degree.
After a jury trial the petitioner was found guilty on CT Page 1353-AA November 20, 1991 of the following crimes:
(A) Sexual Assault in the First Degree;
(B) Assault of a Victim Sixty or Older in the Third Degree;
(C) Unlawful Restraint in the First Degree.
On December 20, 1991 the petitioner was given a total effective sentence of twenty-two (22) years of incarceration as a result of the aforementioned convictions.
These crimes which are the subject of this hearing took place in Meriden, Connecticut, on September 28, 1989, at approximately 9:20 P.M. The petitioner was arrested for these crimes approximately one year later, when as a result of his being arrested for another crime, he became a suspect in this case.
The petitioner's father George Hubbard testified that he owned two service station/convenience stores in East Hartford and Simsbury, Connecticut, on September 28, 1989. The petitioner operated the Simsbury station and his father operated the East Hartford station. The petitioner, his wife and two children, lived one-half mile from the aforesaid East Hartford station. The petitioner's wife worked in the East Hartford station on the date of the crimes from 4:00 P.M. to 8:45 P.M. The petitioner's father stated that the petitioner was the only employee at the Simsbury station. Exhibits A1-A6 and B were introduced into evidence through him. Exhibits A1-A6 show the times on September 28, 1989 when credit card purchases were made at the Simsbury station. Exhibit A6 shows that at 6:53 P.M. on that date a Journal Log was put out by the Citgo Oil Company's computer. This exhibit was introduced to show that the petitioner was at that station on that day at that time. However, the petitioner's father did not actually see him there at that time. The father of the petitioner said that it would take approximately 35 to 45 minutes to go from the Simsbury station to the East Hartford station by car and to check the prices at two competitor's stations as the petitioner did twice each day. However, if the petitioner left the Simsbury station at 7:00 P.M. and drove to the East Hartford station or to his home and on the way checked the gas prices of his competitors, he still would have arrived at the East Hartford station or his home at approximately 7:45 P.M. by his father's testimony. The court has reviewed those portions of the trial CT Page 1353-BB transcript that both parties requested. One of those portions involved the petitioner's trial counsel's examination of his father. The court finds that the petitioner's allegation that his trial counsel's examination of his father was ineffective to be meritless.
The petitioner next claims that his trial counsel failed to enter business records in the possession of his father which would have shown the demands made on his time on September 28, 1989. The petitioner is referring to Exhibits A1-A6 and B. However, those exhibits only show someone was at the Simsbury station at 6:53 P.M. on the date of the crime. The court finds this allegation also to be without merit.
The petitioner next claims his trial counsel was ineffective because at a Discovery Motion hearing on November 5, 1991, his attorney entered into evidence a newspaper article quoting Meriden police officers rather than calling said officers to testify concerning other sexual assaults that had alleged similarities to the crime with which petitioner was charged. There were two sexual assaults committed in February 1989 that the petitioner's Attorney Donald Dakers argued had similarities which should allow him to review the files of those two crimes. The person who was charged with one of those crimes had been found not guilty of said crime. Attorney Dakers was arguing that the person who committed those two sexual assaults in February 1989 was the same person who committed the sexual assault with which the petitioner was charged. At this trial he testified the victim's description of her assailant in this case was closer to the descriptions given of the assailants in the two sexual assaults that took place in February 1989 than it was to the petitioner's description. After a hearing, the transcript of which this court read, the petitioner's attorney's Motion for Discovery was denied. Said Motion for Discovery sought to have the hearing judge examine the files of said two other sexual assault cases in camera to see if there was any exculpatory evidence therein to which the petitioner's attorney was entitled. The court finds this allegation to also be meritless.
The petitioner then claimed that his trial counsel failed to bring to the court's attention jury irregularities. There was no evidence presented to this court upon which to find any jury irregularities.
The petitioner next claimed that his counsel was ineffective CT Page 1353-CC because he put into evidence the hospital record written by a nurse taking a history from the victim that in effect said that the victim had not seen the perpetrator, rather than to put said nurse on the witness stand to say the same. Attorney Dakers testified he was happier putting in the nurse's report than having her testify because the victim was elderly and the nurse was sympathetic to her. However, he said the nurse never contradicted her report. This was trial strategy and not ineffective assistance of counsel. Attorney Dakers testified that as a defense counsel and public defender for over twenty years he has defended a number of sexual assault cases. He stated he has taken over 200 cases to verdict as defense counsel. He was the Chief Public Defender for the New Haven Judicial District for eight years before he took an early retirement. He is now an attorney in the criminal division of the New Haven Legal Assistance program. The court finds no merit to this allegation of the petitioner.
The petitioner's next claim is that his counsel did not preserve for appellate review the issue of the trial court's failure to allow testimony concerning his working hours. This claim the court also finds to be without merit.
The petitioner next claims that his trial counsel failed to lay a sufficient foundation to enter into evidence photographs of the crime scene taken at night, or to examine his investigator's witness concerning the lighting conditions at the crime scene. The crimes took place down an embankment and in an area where the night darkness would not allow the victim to identify the perpetrator according to the petitioner. The petitioner's attorney's photos of the crime scene were two years old at the time of trial and were not allowed into evidence. The State's photos of the crime scene were one year old at the time of trial and were allowed into evidence by the judge. Attorney Dakers did testify that he could have gotten police testimony at the time of trial that the lighting conditions at the crime scene were the same on the night of the crimes as they were on the night he had pictures of the crime scene taken but he did not put forth such testimony. The victim identified the petitioner in court and from a photo array prior to trial. The victim testified during the trial of this matter that as she was driving to her condominium just prior to the assault on her, her car lights flashed on the face of a male. She testified according to the trial transcript that after she parked her car and was dragged across the street and down an embankment by the perpetrator she saw his face and CT Page 1353-DD that it was the same man as she had previously seen in her car lights. (Trial Transcript, pp. 162-169 and pp. 180-181.) The court finds this allegation without merit.
Attorney Dakers testified that he was afraid to call the petitioner's wife as a witness. He testified he believed that the petitioner's wife would have done whatever she could have to torpedo the petitioner's case. Attorney Dakers did not talk to the petitioner's wife. Also, Attorney Dakers stated the petitioner's wife alleged the petitioner had committed other crimes. At some point the petitioner was arrested for sexually assaulting his niece but that charge was later nolled. Attorney Dakers stated that he did not ask the petitioner where he was on September 28, 1989 at the time these crimes were being committed because his answer would have depended on the testimony of his wife and children (aged seven and five years on September 28, 1989) and he did not want to get the petitioner's wife involved in this case for the reasons stated hereinbefore. Attorney Dakers testified he feared if he got too specific as to times and did not call the petitioner's wife as a witness then the court might have given the jury a "Secondino Charge" which would have allowed them to infer the wife's testimony would not have been favorable to petitioner.
"Our Supreme Court has adopted the two-pronged analysis ofStrickland v. Washington, supra, to determine if counsel's assistance was ineffective. Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 455, 610 A.2d 598 (1992). Sekou v.Warden, 216 Conn. 678, 690, 583 A.2d 1277 (1990). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Bunkley v.Commissioner of Correction, supra; Hull v. Warden, 32 Conn. App. 170,174, 628 A.2d 32 (1993); Siano v. Warden, supra."
"`To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the CT Page 1353-EE challenged action might be considered sound trial strategy.' (Citations omitted; internal quotation marks omitted.) Siano v.Warden, supra; Hull v. Warden, supra; Copas v. Warden, supra, 683-84."
"`To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied, if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' (Citations omitted; internal quotation marks omitted.) Siano v.Warden, supra, 98; Bunkley v. Commissioner of Correction, supra, 454-55." Davis v. Warden, 32 Conn. App. 296, 301-303,629 A.2d 440, cert. denied, 227 Conn. 924, 632 A.2d 701 (1993). Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701, 702 (1995).
After hearing the evidence, this court finds that the petitioner has failed to sustain his burden of proof on either prong of the test set forth in Strickland v. Washington, supra, as to any of the allegations in the Amended Petition dated December 1, 1995. He has not proved that his counsel's representation of him was deficient. Further, he has not proved that he was prejudiced by his attorney's representation of him.
For the above reasons the petitioner's habeas corpus petition is denied.
The petitioner's Amended Petition for a Writ of Habeas Corpus is drawn in two counts. The second count alleges the petitioner's appellate attorney was ineffective as his counsel. The court did not hear the allegations of the second count and will hear the same at a hearing to be scheduled on a future date.
William J. Sullivan, Judge